UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCUS T. GAY, SR.,                        )
                                           )
      Plaintiff,                          )
                                           )
v.                                         )
                                           )  Case No. 08-4038
                                           )
LLOYD MURPHY, TYSON DILLAVOU,              )
DAVID OSBORN, CHARLES STENGAL,             )
MICHAEL MEERSMAN, BARON HEINTZ,            )
DR. DAVE HOFFMAN, and MATTHEW              )
DURBIN,                                    )
                                           )
      Defendants.                         )

# O R D E R

This matter is now before the Court on several Motion to Dismiss by Defendants. The first motion was filed by Defendants Baron Heintz ("Heintz"), Dave Hoffman ("Hoffman"), and Matthew Durbin ("Durbin"). The second motion was filed on behalf of Defendant, Michael Meersman ("Meersman"). The third motion was filed by Defendants Lloyd Murphy ("Murphy") and Tyson Dillavou ("Dillavou"), and the fourth motion was filed on behalf of Defendant, Charles Stengel ("Stengel"). For the reasons set forth below, the Motion to Dismiss by Heintz, Hoffman, and Durbin [#11] is DENIED. Meersman's Motion to Dismiss [#18] is DENIED. The Motion to Dismiss by Murphy and Dillavou [#23] is GRANTED, and Stengel's Motion to Dismiss [#28] is GRANTED.

## JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983.

**BACKGROUND**

On December 20, 2005, Defendants Master Sergeant Murphy and Trooper Dillavou of the Illinois State Police arrested Plaintiff, Marcus Gay ("Gay"), during a routine traffic stop and transported him to the Rock Island County Jail.[1]  Gay was charged with possession of cannabis with intent to deliver in the Circuit Court for Rock Island County, Illinois.  On January 10, 2006, Master Sergeant Murphy testified at a preliminary hearing; Gay contends that Murphy's testimony was not truthful.  He further asserts that he requested the preservation of purportedly exculpatory evidence (e.g., transcripts of police transmissions and video recording of the traffic stop) that could support his defense, but that this evidence was destroyed by Murphy and Assistant State's Attorney Osborn on or about September 5, 2006.

The Rock Island County Public Defender's Office was appointed to represent Gay. Defendant Meersman, the Public Defender at the time, appointed Defendant Heintz to handle Gay's case.  Gay contends that Meersman and Heintz violated his rights to a speedy trial and effective counsel by failing to retrieve the requested exculpatory evidence, refusing to present his affirmative defense, and requesting frivolous continuances.  Heintz withdrew from the case on November 17, 2006.  On January 2, 2007, Defendant Hoffman, who had succeeded Meersman as the Public Defender, moved for the Public Defender's Office to withdraw from Gay's case based on a conflict of interest that could result if Defendant Durbin, an Assistant Public Defender, had to testify against Gay at trial.

---

[1] Unless otherwise noted, the information in this section is taken from the Complaint.

Gay further contends that Defendant, Judge Stengal, conspired with Heintz, Murphy, and Osborn to violate his right to due process by allowing the destruction of the allegedly exculpatory evidence despite his repeated requests that it be preserved and denying him a fair hearing. Gay filed a motion to substitute judge, and Chief Judge Jeffrey O'Connor granted the motion and presided over the remainder of the case. On June 2, 2008, the case was dismissed.

On July 3, 2008, Gay brought this suit alleging that the various Defendants violated his constitutional rights. Defendants have now moved to dismiss the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted. Gay has filed his response, and this Order follows.

**STANDARD OF REVIEW**

Since Gay is representing himself pro se, the Court will construe the complaint liberally and will not hold it "to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F. 3d 319, 325 (7th Cir. 2000). "Therefore, a pro se civil rights complaint may only be dismissed if it is beyond a doubt that there is no set of facts under which the plaintiff could obtain relief." Id.

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Sutliff, Inc. v. Donovan Co., 727 F.2d 648 (7th Cir. 1984). However, a complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998). The Seventh Circuit has recently emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements of a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

If the plaintiff's claim as pled, however, is "without legal consequence," dismissal is proper. Grzan v. Charter Hospital, 104 F.3d 116, 119 (7th Cir. 1997). One of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premises and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity. Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993).

## DISCUSSION

### I.   Motion by Hoffman, Heintz, and Durbin

As § 1983 does not have its own statute of limitations, courts have historically applied the two-year period applicable to personal injury claims in Illinois under 735 ILCS 5/13-202; Jones v. RR Donnelley and Persign Sons Co., 541 U.S. 369 (1985). Accordingly, any purported misconduct occurring prior to July 3, 2006, would arguably be timebarred.

These Defendants base their motion on a statement by Gay in his Complaint:

> I, Marcus Gay, am aware of the statutes of limitations regarding wrongful arrest, false imprisonment, malicious prosecution, and wrongful use of the judicial process. I claim that abnormal circumstances existed that hindered me from filing and I request that the limitations be stayed. I had a lack of knowledge concerning civil procedures and liability claims. I was learning criminal law, attending college, working, and tending my children.

While this portion of the Complaint does reference an awareness by Gay that some of his claims may be beyond the statute of limitations, he has clearly alleged conduct by these Defendants that would fall within the 2-year limitations period, as he alleges that Heintz did not withdraw from the case until November 2006 and he complains of conduct by Hoffman and Durbin occurring in January 2007. Accordingly, this Motion to Dismiss is without merit and is therefore denied.

### II.  Motion by Meersman

Meersman relies on the same argument as that advanced by Hoffman, Heintz, and Durbin. Although the Complaint does not allege specific dates of involvement by Meersman, Meersman chose to rely on the general argument that Gay has admitted an untimely Complaint and has not indicated that he was not still the Public Defender at any time after July 3, 2006. As it would be reasonable to infer that the Complaint alleges conduct by Meersman within the limitations period, his Motion to Dismiss must be denied as well.

### III.  Motion by Murphy and Dillavou

Murphy and Dillavou move to dismiss the Complaint on several grounds. The Court notes that Gay has failed to file any response to this Motion despite having been given notice of the filing of the dispositive motion and being warned of the consequences of failing

to respond. As a result, Gay has effectively conceded the propriety of the motion. The Court therefore finds the Motion to Dismiss to be unopposed pursuant to Local Rule 7.1(B)(2), and grants the Motion to Dismiss by Murphy and Dillavou.

### IV.     Motion to Dismiss by Stengel

Judge Stengel has moved to dismiss the claims against him as barred by judicial immunity. Judges are traditionally afforded immunity from suits based on acts performed within their lawful jurisdiction. Forester v. White, 484 U.S. 219, 225-29 (1988); Dellenbach v. Letsinger, 889 F.2d 755, 758 (7th Cir. 1989). Immunity applies even where it is alleged that the judge has joined a conspiracy, acted in error, acted maliciously, or acted in excess of his authority so long as the acts were performed by the judge while acting in his judicial capacity. Brokaw v. Mercer County, 235 F.3d 1000, 1014 (7th Cir. 2000); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 356-60 (1978).

The Court again notes that Gay has failed to file any response to this Motion despite having been given notice of the filing of the dispositive motion and being warned of the consequences of failing to respond. As a result, Gay has effectively conceded the propriety of the motion. The Court therefore finds the Motion to Dismiss to be unopposed pursuant to Local Rule 7.1(B)(2), and grants Stengel's Motion to Dismiss.

### CONCLUSION

For the reasons set forth above, the Motion to Dismiss by Heintz, Hoffman, and Durbin [#11] is DENIED. Meersman's Motion to Dismiss [#18] is DENIED. The Motion to Dismiss by Murphy and Dillavou [#23] is GRANTED, and Stengel's Motion to Dismiss [#28] is GRANTED. Murphy, Dillavou, and Stengel are TERMINATED as parties to this action.

Defendants Heintz, Hoffman, Durbin, and Meersman are directed to answer the Complaint within 14 days.

ENTERED this 27th day of January, 2009.

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                    United States District Judge